IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER HIDALGO**<br>63 Jason's Way<br>Richboro, PA 18954<br><br>*Plaintiff,*<br><br>v.<br><br>**REALPAGE, INC.**<br>**Individually and**<br>**t/d/b/a AMERICAN UTILITIES**<br>**MANAGEMENT**<br>2201 Lakeside, Boulevard<br>Richardson, Texas 75082 and<br><br>**AMERICAN UTILITIES**<br>**MANAGEMENT**<br>333 East Butterfield Road<br>Lombard, Illinois 60148 | No._____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendants for unlawful retaliation.

### PARTIES

2. Plaintiff is Jennifer Hidalgo (hereinafter "Plaintiff"), an adult individual currently residing at the above captioned address.

3. Defendant Realpage, Inc. develops on-demand multifamily property management software for the apartment communities in the U.S. and also has acquired several entities in that industry.

4. Defendant American Utilities Management is or was, at all times relevant hereto, a provider of utility and energy management solutions for the multifamily housing industry.

5. At all times relevant hereto, Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

6. Defendants are "employers" within the meaning of Title VII because they are or were both engaged in an industry affecting interstate commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

## JURISDICTION and VENUE

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district at the time of the events from which the instant case arises are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding with this discrimination action.

14. Plaintiff cross-filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission alleging discrimination on or about June 28, 2017 at case no. 530-2017-03749.

15. The instant action is timely because it is initiated within ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC mailed on or about February 28th, 2018.

16. Plaintiff has exhausted her administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. Plaintiff, Jennifer Hidalgo (hereinafter "Plaintiff") was employed by Defendant American Utility Management Inc. in Pennsylvania from November 30th, 2015 until her employment was unlawfully terminated on June 16, 2017.

19. Plaintiff learned on June 16th, 2017 that Defendant Real Page was acquiring Defendant American Utilities Management.

20. Plaintiff was summarily terminated immediately thereafter for no legitimate business reason and despite her stellar record, and despite the CRO attempting to advocate for her.

21. Plaintiff's employment was terminated on Friday, June 16th, 2017.

22. At the time Plaintiff had recently closed an approximately 32000 unit deal.

23. Plaintiff's quota for 2017 was 25,000 units and as of June 16, 2017, she had already surpassed it, having sold approximately 37,200 units at that point in 2017.

24. On June 15th, 2017, the day before she was fired, Plaintiff had just received a fully executed contract for Boyd Wilson for 2,017 units and was about to close on approximately 18,000 more units.

25. Plaintiff was on track to make between $175,000 and $200,000 for 2017, and this trend would have continued into 2018 had she remained employed.

26. Defendants fired Plaintiff as a result of prior protected activity in suing for discrimination.

27. There was no performance-based reason for Plaintiff's termination.

28. There was no economic basis for Plaintiff's termination.

### Count I – Title VII Retaliation

29. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. The foregoing actions by the Defendants constitute unlawful retaliation against the Plaintiff because of her prior protected activity.

31. As a result of the Defendants' unlawful retaliation as aforesaid, the Plaintiff has suffered damages as set forth herein.

### *Ad Damnum* Clause/Prayer for Relief

**WHEREFORE,** the Plaintiff prays that the Court enter judgment in her favor and against the Defendants and that it enters an Order as follows:

a. The Defendants are to be permanently enjoined from engaging in discrimination against the Plaintiff on the basis of race, gender or any other basis prohibited under applicable law;

b. The Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and are to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendants are to be prohibited from continuing to maintain their unlawful policy, practice, or custom of discriminating against employees based on prior

protected activity, and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendants are to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendants until the date of verdict;

e. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendants' actions;

f. The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendants for their willful, deliberate, malicious and outrageous conduct and to deter the Defendants or other employers from engaging in such misconduct in the future;

g. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j.  The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendants do not engage – or cease engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN ELY, P.C.

_____
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

May 29th, 2018